EDDLEMAN v. MYERS.

[No. 14,647. Filed March 29, 1934.]

*Hawley O. Burke,* for appellant.

*Arthur H. Conley,* for appellee.

KIME, J.—This is an action by the appellee to recover for a breach of contract on the part of the appellant. The complaint is in one paragraph and pleads the transaction. There was no objection to this in the lower court, no motion to make more specific, no demurrer, nor was the complaint attacked in any manner. A general denial was filed thereto together with an argumentative denial, setting up a counter proposition, which, in effect, was a pleading of the transaction according to the defendant's point of view. The complaint alleged that the appellee was the owner of some cherry trees and logs, and that there was an oral contract entered into for their purchase, when sawed into lumber, at an agreed price of $50.00 per thousand feet. That they were converted into lumber and delivered to the appellant's yards and accepted by him. That thereafter the appellant refused to pay for the lumber and that appellee had performed all upon his part to be performed. The second paragraph of answer alleged that the appellant agreed to buy 3,500 feet of select clear cherry; and that the lumber delivered was not of this type and, therefore, refused.

Evidence was introduced by the appellee from which the jury could and did find for the appellee and returned a verdict of $300.00. There was a motion for a new trial containing some twenty-seven reasons. The overruling

of this motion is assigned as error as is also the court's action in overruling a motion for a directed verdict made by the appellant.

The appellant contends that this contract is controlled by the Uniform Sales Act and devotes a large portion of his brief to a discussion of that act, however, this act does not apply because the goods were manufactured by the seller especially for the buyer and there is no evidence that such goods are suitable for sale to others in the ordinary course of the seller's business. Paragraph 2, Section 4 of Chapter 192 of the Acts of 1929, page 628 at 629 and 630, §58-104, Burns 1933, §14781, Baldwin's 1934.

The appellant contends that there is a variance between the pleading and the proof, but a careful reading of the entire evidence discloses that there was no such variance and that the evidence proven conforms to the complaint.

The appellant also contends that there was no meeting of the minds and hence no contract, but there was ample evidence from which the jury was warranted in concluding, as it did, that there was a contract.

The appellant further contends that the verdict is excessive in that it is too large. There was evidence to the effect that there was measured 5,109 feet of lumber, when the measuring was stopped by the appellant, and that there was some lumber still unmeasured. While the evidence is probably not as clear on the exact amount of lumber as it could be, there is evidence from which the jury could have found that there was at least $300.00 worth or approximately that amount, which is the amount of the verdict they returned.

The appellant also complains of several instructions but we have read them carefully, as we have all of the instructions and conclude that the jury was correctly and fairly instructed.

Finding no reversible error the judgment of the Elkhart Superior Court is affirmed and it is so ordered.